**MARTIN & BONTRAGER, APC**
G. Thomas Martin, III (SBN 218456)
Nicholas J. Bontrager (SBN 252114)
4419 Van Nuys Blvd., Ste. 301
Sherman Oaks, CA 91403
T: (323) 940-1700
F: (323) 238-8095
Tom@mblawapc.com
Nick@mblawapc.com
Attorneys for Plaintiff
on behalf of himself and all others similarly situated

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION

| | |
|---|---|
| CODY A. McKINNEY, on behalf of himself and all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>HYUNDAI CAPITAL AMERICA dba KIA FINANCE AMERICA<br><br>　　　　　Defendant. | Case No.: 8:25-cv-1945<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE SERVICEMEMBERS CIVIL RELIEF ACT ("SCRA"), 50 U.S.C. §§ 3901 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

### INTRODUCTION

1.　　Since the beginning of the Iraq War through the present, members of our military services have been asked to make many sacrifices for our nation. One of these sacrifices is financial: leaving family, friends and the comforts of civilian life to answer our country's call to duty also requires leaving behind employment, a career, and financial security. The Servicemembers Civil Relief Act ("SCRA"), 50 U.S.C. §§ 3901 et seq. (formerly 50 U.S.C. App. §§ 501 et seq.), was enacted to address this sacrifice, and seeks "to enable [servicemembers] to devote their entire energy to defense needs of the Nation." 50 U.S.C. § 3902(1).

**CLASS ACTION COMPLAINT**
-1-

2. Plaintiff Cody A. McKinney ("Plaintiff") invoked his rights under the Servicemembers Civil Relief Act to terminate his motor vehicle lease, which was entered into while Plaintiff was in military service, after receiving military orders for a permanent change of station from a location in the continental United States to a location outside the continental United States, specifically from Alameda, CA, to San Juan, PR. Such rights include, but are not limited to, release from liability for future lease payments and a prorated refund of certain upfront lease payments, including refunds of capitalized cost reduction amounts on a pro rata basis. Those rights, and the rights of the other servicemembers and putative class members here, were violated by Defendant Hyundai Capital America dba Kia Finance America ("Defendant"). Plaintiff represents and protects our nation through military service and now seeks to represent and protect his fellow service members and veterans through this class action.

## PARTIES

3. Plaintiff is an individual who resides in Little Rock, AR.

4. Plaintiff is a member of the United States Coast Guard who has been in active duty since January 2023.

5. Plaintiff received Permanent Change of Station (PCS) orders in February directing a change of permanent station from Alameda CA, to San Juan, PR, in July, 2025, as set forth more fully below.

6. Defendant Hyundai Capital America dba Kia Finance America ("Defendant"), upon information and belief, is a California corporation headquartered in Irvine, CA.

7. Defendant is the administrator of the motor vehicle lease terminated by Plaintiff in July, 2025, as set forth more fully below.

## JURISDICTION

8. Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1331 because this action arises, in part, under the laws of the United States,

including the Servicemembers Civil Relief Act ("SCRA") 50 U.S.C. § 3901 et seq. Section 4042(a).

9. In addition, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) and (6) because the aggregate claims of the proposed class members exceed $5,000,000, and at least one named plaintiff resides in a different state than Defendant. The amount in controversy in this matter includes, but is not limited to, actual and consequential monetary damages, disgorgement of Defendants' ill-gotten gains, punitive damages, civil penalties, and attorneys' fees and costs.

10. This Court has personal jurisdiction over Defendant, as it conducts business activities which are the subject of the present complaint and is a California corporation headquartered in Irvine, California.

11. Venue is proper in this Court, as the defendant resides and conducts business within this district, and many of the business activities, events, and/or wrongdoing giving rise to the claims asserted in this Complaint occurred therein. Maintaining the venue of this class action in this district is therefore proper under 28 U.S.C. § 1391.

## STATEMENT OF FACTS

12. On December 21, 2024, while serving on active duty in the United States Coast Guard, Plaintiff entered into lease agreement No. 2415888284 with Kia Finance America to lease a 2025 Sportage PHEV at Hilltop Kia in Richmond, CA.

13. In late February 2025, Plaintiff received PCS orders outside of the continental United States to San Juan, Puerto Rico.

14. On July 09, 2025, Plaintiff chose to exercise his right under the SCRA to terminate his lease early without penalty and submitted an inquiry with Kia Customer Care about exercising his rights under the SCRA.

15. On July 10, 2025, Kia Customer Care replied via email that Kia Finance America was a separate company and provided Plaintiff with instructions as to how to contact Kia Finance America regarding the SCRA.

16. Plaintiff followed the instructions provided by Kia Customer Care and reached out to Defendant at (855) 537-8542. Plaintiff spoke with a representative who informed Plaintiff that he could send his written notice of termination of motor vehicle lease, as required under 50 U.S.C. 3955, to scra@hcs.com, and that a direct telephone line to the SCRA department was (855) 276-4463. Plaintiff remained on the phone with Defendant's representative while he sent his written notice of termination of motor vehicle lease, as required under 50 U.S. Code § 3955, to scra@hcs.com. Defendant's representative informed Plaintiff that it would take 24 hours for his email to be processed and that if he had not heard back from anyone by Monday, July 14, 2025, he should call back to speak with someone who could assist him in finalizing the process.

17. On July 13, 2025, Plaintiff's auto-drafted lease payment was processed by Defendant.

18. On Monday, July 14, 2025, Plaintiff returned his leased 2025 Sportage PEHV, along with a letter explaining the circumstances, a copy of the email Plaintiff sent Kia Finance America on July 10, 2025, and a copy of Plaintiff's orders to Chris Nasrat at Oakland Kia. Plaintiff informed Kia Finance America via email at the scra.hcs.com address that he had surrendered the vehicle to Chris Nasrat at Oakland Kia and provided details of the surrender.

19. On July 15, 2025, Plaintiff received an email from Defendant stating that Plaintiff's SCRA benefits were approved.

20. On August 11, 2025, Plaintiff received an email from Defendant stating it was almost time for Plaintiff to make a payment, and that $548.49 would be due on his 2025 Kia Sportage PHEV on August 21, 2025.

21. On August 27, 2025, Plaintiff received another email from Defendant stating that his payment of $ 548.49 on the 2025 Kia Sportage PHEV was past due.

22. As of the date of the filing of this complaint, Plaintiff has not received a prorated refund of the July 13 lease payment or a refund of capitalized cost reduction payment amounts on a pro rata basis.

## CLASS ACTION ALLEGATIONS

### Class Definitions

23. In accordance with Federal Rule of Civil Procedure 23, Plaintiff brings this action in his individual capacity and as a class action on behalf of himself and all others similarly situated. He, along with other class members who may be named as class representatives at the time a motion is filed to certify the proposed class, will represent the following classes:

### Collection Class

All persons, natural or otherwise, who terminated their motor vehicle leases pursuant to the Servicemembers Civil Relief Act within the four years prior to the date of filing of this Complaint, but continued to be billed by Defendant after the effective date of the lease terminations [as defined by 50 U.S.C. § 3955(D)(2)].

### Refund Class

All persons, natural or otherwise, who terminated their motor vehicle leases pursuant to the Servicemembers Civil Relief Act within the four years prior to the date of filing of this Complaint, but were not timely refunded lease amounts paid in advance (including refunds of capitalized cost reduction amounts on a pro rata basis) within thirty (30) days after the effective date of the lease terminations [as required by the SCRA, 50 U.S.C. § 3955(F)].

24. This class action satisfies the requirements of Federal Rule of Civil Procedure 23, including, but not limited to, numerosity, commonality, typicality, adequacy, and predominance.

**Impracticable Joinder**

25. The proposed class is composed of thousands of persons, geographically dispersed throughout the United States and serving the country overseas, the joinder of whom in one action is impracticable. The disposition of their claims in a class action will provide substantial benefits to both parties and the Court. Defendant, either directly or through affiliated entities, are in possession of the names and addresses of all class members.

26. Class treatment is particularly appropriate here because Defendant conducts business in every jurisdiction in the United States.

**Risk of Inconsistent or Varying Adjudications**

27. Prosecution of separate actions by class members would risk inconsistent or varying adjudications, which would establish incompatible standards of conduct for Defendants.

28. Further, the outcomes of separate actions by individual members of the class could, as a practical matter, be potentially dispositive of the interests of other members of the class and substantially impair or impede their ability to protect their interests. Class-wide adjudication of Plaintiffs' claims, therefore, is appropriate.

29. Defendant has acted on grounds generally applicable to the class, thereby making class-wide adjudication of these claims appropriate.

**Common Questions of Law and Fact**

30. There exists a well-defined community of interests and questions common to the class, which predominate over individual factual or legal questions. These common factual and legal questions include, but are not limited to:

(a)  Whether Defendant improperly applied the SCRA to class members' accounts, thereby denying them benefits to which they are entitled by law;

(b)  Whether or not the CCR is subject to pro-rata reimbursement;

(c)  What components of the up-front lease payment, if any, are subject to pro-rata reimbursement under the SCRA;

(d)  Whether or not Defendant breached its obligations to the class;

(e)  Whether or not Defendant should be enjoined from further non-compliance with the Act

(f)  What compliance efforts, if any, were taken by Defendant, and what analysis was conducted by Defendant, with respect to Defendant's obligation to refund CCR under the Act;

(g)  Whether or not Defendant willfully, knowingly and or recklessly violated the Servicemembers Civil Relief Act;

(h)  Whether Plaintiff and the class are entitled to statutory, actual, consequential, and/or punitive damages.

**Typicality**

31.  The individual Plaintiff and the class representatives to be named are asserting claims that are typical of the claims of the entire class, and the class representatives will fairly and adequately represent and protect the interests of the class in that they have no interests antagonistic to those of the other members of the class.

**Fair and Adequate Representation**

32.  The individual Plaintiff has retained counsel who are competent and experienced in the handling of litigation, including class action litigation, and who will fairly and adequately represent and protect the interests of the class. Likewise, the class representatives will fairly and adequately represent and protect the interests of the class as a whole.

**Superiority of Class Action Procedure**

33. The individual Plaintiff and other class members have all suffered damages as a result of Defendant's unlawful and wrongful conduct. Absent a class action, Defendants will likely retain a substantial unlawful gain, their conduct will go unremedied and uncorrected, and the class members will likely be deprived of adequate relief. Class action treatment of these claims is superior to handling the claim in other ways.

34. Certification of the class is appropriate under Federal Rule of Civil Procedure 23.

## FIRST CAUSE OF ACTION

## Violations of 50 U.S.C. § 3955

## (Motor Vehicle Lease Terminations)

35. Plaintiff incorporates each and every allegation contained in the preceding paragraphs as if set forth again herein.

36. Plaintiff, on behalf of himself and the class, has a private right of action for violations of the SCRA pursuant to 50 U.S.C. § 4042 (formerly 50 U.S.C. App. § 597a).

37. The SCRA provides that "[t]he lessee on a [motor vehicle] lease . . . may, at the lessee's option, terminate the lease at any time after . . . the date of the lessee's military orders . . . ." 50 U.S.C. § 3955(a)(1). This option applies to servicemembers who "while in military service, execute[ ] the lease and thereafter receive[ ] military orders – (i) for a permanent change of station– (I) from a location in the continental United States to a location outside the continental United States; or (II) from a location in a State outside the continental United States to any location outside that State; or (ii) to deploy with a military unit, or as an individual in support of a military operation, for a period of not less than 180 days." 50 U.S.C. § 3955(b)(2). The same option also applies to leases "executed by or on behalf of a person who thereafter and during the term of the lease enters military service under a call or order specifying a period of not less than 180 days (or who enters military

service under a call or order specifying a period of 180 days or less and who, without a break in service, receives orders extending the period of military service to a period of not less than 180 days)." Id.

38. To invoke the right to terminate a motor vehicle lease, the servicemember must deliver "written notice of such termination, and a copy of the servicemember's military orders, to the lessor" and "return…the motor vehicle…not later than 15 days after the date of the delivery of written notice…." 50 U.S.C. § 3955(c)(1).

39. The SCRA defines "military orders" for purposes of Section 3955 to mean "official military orders, or any notification, certification, or verification from the servicemember's commanding officer, with respect to the servicemember's current or future military duty status." 50 U.S.C. § 3955(i)(1). Termination of a servicemember's motor vehicle lease "is effective on the day on which the requirements of [50 U.S.C. § 3955(c)] are met for such termination." 50 U.S.C. § 3955.

40. Plaintiff satisfied the requirements for termination of the lease agreement on July 14, 2025.

41. Defendant violated the SCRA by failing to properly apply its provisions to the accounts and outstanding debt of Plaintiff and other class members. Specifically, Defendant continued to bill Plaintiff and the other class members after the effective date of the lease terminations, and failed to provide Plaintiff and the other class members a refund of lease amounts paid in advance (including refunds of capitalized cost reduction amounts on a pro rata basis) within thirty (30) days after the effective date of the lease terminations, as required by the SCRA. See 50 U.S.C. § 3955(f).

42. Defendant's violations of Section 3955 of the SCRA raise issues of significant public importance. Defendant's improper processing of early termination requests have caused unnecessary stress for Plaintiff and the other class

members who were forced to ask Defendant repeatedly to correct its lease termination processing errors or continue to bear responsibility for their leased vehicles while serving their country, in many cases overseas and in combat zones.

43. Defendant's violations of Section 3955 of the SCRA have also caused Plaintiff and the other class members significant financial stress that could have interfered with their morale and ability to focus on their military missions.

44. Defendant was aware of the provisions and requirements of the SCRA. Defendant either knew, reasonably should have known, and/or recklessly disregarded their failure to comply with the SCRA and the exploitative and deceptive nature of their policies, procedures, and decisions.

45. Plaintiff and the other class members incurred damages as a direct and proximate result of Defendants' violations of the SCRA. For many class members, this harm is ongoing. As a result, Plaintiffs and the class members seek relief.

## **PRAYER FOR RELIEF**

WHEREFORE, on behalf of themselves and all other persons similarly situated, Plaintiffs respectfully pray for the following relief:

a. An Order certifying the class, appointing the named Plaintiff and class members as class representatives and Plaintiff's attorneys as class counsel;

b. Factual findings that Defendants have violated the Servicemembers Civil Relief Act by: (a) failing to ensure that servicemembers who terminate their motor vehicle leases early under the SCRA are not billed for periods after the effective date of the lease termination; (b) failing to timely provide refunds required under Section 3955 of the SCRA within thirty (30) days of a servicemember's lease termination; and (c) failing to refund capitalized cost reduction amounts from cash payments or trade-in credit on a pro rata basis following a

servicemember's lease termination pursuant to Section 3955 of the SCRA;

c. Enjoining Defendant from continued withholding of prorated CCR following a termination of a lease;

d. An award of statutory, compensatory, consequential and punitive damages;

e. An Order requiring disgorgement of Defendant's ill-gotten gains to pay restitution to Plaintiff and all members of the class;

f. Declaratory and injunctive relief establishing the requirement of SCRA as applied to Defendant's conduct and enjoining Defendant's: future violations of those statutes; from failing or refusing to take such affirmative steps as may be necessary to restore, as nearly as practicable, each identifiable victim of Defendant's illegal conduct to the position he or she would have been in but for that illegal conduct; and, from failing or refusing to take such affirmative steps as may be necessary to prevent the recurrence of any illegal conduct in the future and to eliminate, to the extent practicable, the effects of Defendant's illegal conduct, including negative, harmful and inaccurate credit reporting for leases that are not terminated in accordance with Section 3955 of the SCRA;

g. An award of pre-and post-judgment interest;

h. An award of attorneys' fees and costs;

i. A jury trial on all issues so triable;

j. Such other relief as this Court may deem just and proper.

RESPECTFULLY SUBMITTED,

Dated: August 29, 2025          **MARTIN & BONTRAGER, APC**

By: /s/ G/ Thomas Martin, III
G. Thomas Martin, III
*Attorney for Plaintiff*